**NORTH AMERICAN DISMANTLING CORP., North American Demolition Corp., Petitioners/Cross–Respondents,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent/Cross–Petitioner.**

No. 00–2116, 00–2330.

United States Court of Appeals, Sixth Circuit.

May 22, 2002.

Before KENNEDY, BOGGS, and DAUGHTREY, Circuit Judges.

JUDGMENT

This cause came to be heard upon a petition filed by North American Dismantling Corp. and North American Demolition Corp., to review an order of the National Labor Relations Board issued on August 31, 2000, and on a cross-application filed by the National Labor Relations Board to enforce said Order in Board Case Nos. 7–CA–39923, 7–CA–40151(1), and 7–CA–40151(2). The Court heard argument of respective counsel on March 7, 2002, and has considered the briefs and transcript of record filed in this cause. On April 12, 2002, the Court being fully advised of the premises, handed down its opinion granting enforcement in part of the Board's Order and remanding the case in part to the Board for further proceedings. In conformity therewith, it is hereby

ORDERED AND ADJUDGED by the Court that the Petitioners, North American Dismantling Corp. and North American Demolition Corp., Lapeer, Michigan, their officers, agents, successors, and assigns, shall:

1. Cease and desist from:

(a) Discharging or otherwise disciplining their employees because of their exercise of protected concerted activities.

(b) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act ("the Act").

2. Take the following affirmative action necessary to effectuate the policies of the Act.

(a) Within 14 days from the date of the Board's Order, offer Robert W. Giltrop and Jayson Zeitz full reinstatement to their former jobs or, if those jobs no long-

er exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed.

(b) Make Robert W. Giltrop and Jayson Zeitz whole for any loss of earnings and other benefits suffered as a result of the discrimination against them. Such restitutions shall be made in the manner set forth in the remedy section of the administrative law judge's decision.

(c) Within 14 days from the date of the Board's Order, remove from their files any reference to the unlawful discharges of Robert W. Giltrop and Jayson Zeitz, and notify the employees in writing that this has been done and that the discharges will not be used against them in any way.

(d) Preserve and, within 14 days of the request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgement.

(e) Within 14 days after service by the Region, post at their facility in Lapeer, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the Petitioners' authorized representative, shall be posted by the Petitioners and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Petitioners to ensure that the notices are not altered, defaced, or covered by any other material. In the event that, during the pendency of these proceedings, the Petitioners have gone out of business or closed the facility involved in these proceedings, the Petitioners shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Petitioners at any time since May 9, 1997.

(f) Within 21 days after service by the Region, file with the Regional Director a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Petitioners have taken to comply with this Judgment.

IT IS FURTHER ORDERED AND ADJUDGED that this case be and it hereby is remanded to the Board for further proceedings consistent with the Court's opinion.

IT IS FURTHER ORDERED that the parties shall bear their own costs.

## APPENDIX

### NOTICE TO EMPLOYEES

POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD

An Agency of the United
States Government

The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.

Section 7 of the Act gives employees these rights.

To organize

To form, join, or assist any union

To bargain collectively through representatives of their own choice

To act together for other mutual aid or protection

To choose not to engage in any of these protected concerted activities.

WE WILL NOT discharge or otherwise discipline our employees because of their exercise of protected concerted activities.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce our employees in the exercise of the rights guaranteed them by Section 7 of the Act.

WE WILL offer Robert W. Giltrop and Jayson Zeitz full reinstatement to their former jobs or, if those jobs no longer exist, to substantially equivalent positions, without prejudice to their seniority or any other rights or privileges previously enjoyed.

WE WILL make Robert W. Giltrop and Jayson Zeitz whole for any loss of earnings and other benefits suffered as a result of their discharges, less any net interim earnings, plus interest.

WE WILL, within 14 days from the date of the Board's Order, remove from our files any reference to the unlawful discharges of Robert W. Giltrop and Jayson Zeitz and, WE WILL, within 3 days thereafter, notify each of them, in writing that this has been done and that the discharges will not be used against them in any way.